Citation Nr: 1237390 
Decision Date: 10/31/12 Archive Date: 11/09/12

DOCKET NO. 10-09 516 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Muskogee, Oklahoma


THE ISSUES

1. Entitlement to service connection for a back disorder, to include as secondary to service-connected pes planus.

2. Entitlement to service connection for a right leg disorder, to include as secondary to service-connected pes planus.

3. Entitlement to service connection for a left leg disorder, to include as secondary to service-connected pes planus.

4. Entitlement to service connection for a right hip disorder, to include as secondary to service-connected pes planus.

5. Entitlement to service connection for a left hip disorder, to include as secondary to service-connected pes planus.

6. Entitlement to service connection for a right knee disorder, to include as secondary to service-connected pes planus.

7. Entitlement to service connection for a left knee disorder, to include as secondary to service-connected pes planus.

8. Entitlement to service connection for a right ankle disorder, to include as secondary to service-connected pes planus.

9. Entitlement to service connection for a left ankle disorder, to include as secondary to service-connected pes planus.


REPRESENTATION

Veteran represented by: The American Legion


WITNESSES AT HEARING ON APPEAL

Veteran, Ms. E.E., and Ms. T.D.


ATTORNEY FOR THE BOARD

N. Kroes, Counsel


INTRODUCTION

The Veteran served on active duty from November 1950 to November 1954. 

This case comes before the Board of Veterans' Appeals (Board) on appeal from an October 2008 decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Muskogee, Oklahoma. In June 2011, a video conference hearing before the undersigned was held at the RO. A transcript of that hearing is of record.

In September 2011, the Board remanded these issues for further evidentiary development. The requested development was completed, and the case has now been returned to the Board for further appellate action.

Please note this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2012). 38 U.S.C.A. § 7107(a)(2) (West 2002).

The appeal is REMANDED to the agency of original jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

While further delay is regrettable, the Board finds that further development is required prior to adjudicating the Veteran's claims. See 38 C.F.R. § 19.9 (2012). 

A remand by the Board confers upon the veteran, as a matter of law, the right to compliance with the remand instructions, and imposes upon VA a concomitant duty to ensure compliance with the terms of the remand. See Stegall v. West, 11 Vet. App. 268, 271 (1998). 

In September 2011, the Board remanded these claims in part so that the Veteran could be afforded a VA examination to determine if any of the claimed disabilities were caused or aggravated by service or service-connected pes planus. 

A VA examination was performed in September 2011, and an addendum was entered in October 2011 which noted a review of the claims file with no changes to the original report. The original report contains an opinion that degenerative changes of the lumbar spine, hips, and right knee are less likely as not caused by or a result of service-connected pes planus. There is no opinion offered regarding direct service connection or whether any of the listed disabilities were aggravated by service-connected pes planus. Thus, the medical opinion regarding these issues is inadequate and the claims must be remanded. See Barr v. Nicholson, 21 Vet. App. 303, 311 (2007) (holding that once VA undertakes the efforts to provide an examination, an adequate examination must be provided or the claimant must be notified why one cannot or will not be provided); see also Allen v. Brown, 7 Vet. App. 439, 449 (1995).

Opinions as to etiology were not entered regarding the other claimed disabilities. The Board acknowledges that the examiner indicated that there was no diagnosis for some of the claimed conditions, which would render the need for an opinion moot. However, given other medical evidence of record and discrepancies in the examination report the Board finds that all of the claimed issues should be reevaluated. The medical report is contradictory at times which calls into question its accuracy. For example, the examiner checked a box indicating that the Veteran did not have and had not had a hip or thigh condition, yet the examiner diagnosed degenerative joint disease (DJD) of the hips. The examiner also diagnosed "DJD of knees," yet indicated X-rays only showed degenerative changes in the right knee. In addition, other medical evidence suggests that the Veteran may have leg and ankle disabilities. For example, an October 2010 VA neurology note indicates that the Veteran has foot drop and requires an ankle stabilizer, and an April 2012 VA inpatient nursing reassessment indicates that the Veteran has chronic bilateral lower extremity weakness. Given the above, these claimed disabilities should also be reexamined. 

Since the Board has determined that a VA examination is necessary in the instant case, the Veteran is hereby informed that 38 C.F.R. § 3.326(a) (2012) provides that individuals for whom examinations have been authorized and scheduled are required to report for such examinations. The provisions of 38 C.F.R. § 3.655 (2012) address the consequences of a veteran's failure to attend scheduled medical examinations. That regulation provides that, when entitlement to a benefit cannot be established or confirmed without a current VA examination and a claimant, without "good cause," fails to report for such examination scheduled in conjunction with an original claim, the claim will be decided based on the evidence of record. 

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Schedule the Veteran for a VA orthopedic examination to evaluate the current nature and etiology of his claimed disabilities of the back, legs, hips, knees, and ankles. If possible, this examination should be performed by a different examiner than the examiner who performed the September 2011 examination. The entire claims file (both the paper file and any electronic portion of the file) must be made available to and be reviewed by the examiner in conjunction with the examination. All necessary tests should be conducted and the results reported. 

For each disability of the back, legs, hips, knees, and/or ankles found to be present the examiner should address the following: 

(a.) Is it at least as likely as not (50 percent or greater) that the disability is causally related to his military service?

(b.) Is it at least as likely as not (50 percent or greater) that the disability is causally related to his service-connected pes planus? 

(c.) Is it at least as likely as not (50 percent or greater) that the disability was permanently aggravated beyond the normal course of the condition by his service-connected pes planus? If it is found that the disability was aggravated by service-connected pes planus, the level of disability caused by the service-connected disability should be identified to the extent possible. 

The examiner should also note if there is any indication of neurological disability of the legs or ankles. 

A rationale for all opinions expressed should be provided.

2. After completing the above, the AOJ should conduct any other development as may be indicated as a consequence of the actions taken in the preceding paragraphs. For example, if there is any indication of neurological disability in the legs or ankles, the AOJ should consider whether a neurological examination or medical opinion regarding direct and secondary service connection (including aggravation) is necessary. 

3. After the development requested above has been completed to the extent possible, the record should again be reviewed. If any benefit sought on appeal remains denied, then the Veteran and his representative should be furnished with a supplemental statement of the case and be given the opportunity to respond thereto. 

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).






 (CONTINUED ON NEXT PAGE)


These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims (Court) for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2012).



_________________________________________________
Nathaniel J. Doan
Acting Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board is appealable to the Court. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of the Veteran's appeal. 38 C.F.R. § 20.1100(b) (2012).